In the Matter of RONALD APPEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 27, 1979

### APPEARANCES OF COUNSEL

*Nicholas C. Cooper* for petitioner.

*Appel & Goldman* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division, Second Department, on June 22, 1960. This court

heretofore censured respondent for neglect of an estate matter, observing as follows: "Although retained in 1964 in connection with an estate matter, respondent failed and neglected to wind up said estate and even subsequent to June 9, 1975, when first notified of charges, failed to conclude said estate, although given further opportunity to do so." It is clear that respondent is guilty of neglect, which neglect has been exacerbated by his continued failure to attend to this estate matter for two years after his censure by this court. In answer, respondent candidly admits that the evidence sustains the charge of misconduct. Accordingly, the report of petitioner, the Departmental Disciplinary Committee, dated September 22, 1978, should be confirmed.

As to the appropriate sanction, we note the following mitigating circumstances. Respondent's record is otherwise unblemished, and his failure to complete work in the estate matter did not result from self-seeking or hope of financial or other personal gain.

Respondent's dereliction is a serious one, ordinarily resulting in a sanction more severe than we impose. However, in the special circumstance we find here in connection with his current employment by an eleemosynary institution, the consequences of a heavier penalty may well be far more onerous than we would contemplate. We believe that the conduct is not likely to recur, and, accordingly, we consider severe censure to be condign to the dereliction. Respondent should be severely censured.

MURPHY, P. J., LUPIANO, EVANS, LANE and MARKEWICH, JJ., concur.

Respondent severely censured.